UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZAHRA A. BOUYE,     Plaintiff,

v.     Civil Action No. 3:20-cv-201-DJH-RSE

JAMES E. BRUCE,     Defendant.

\* \* \* \* \*

# ORDER

Plaintiff Zahra Bouye filed this action on March 19, 2020 alleging that Defendant James Bruce violated the Fair Debt Collection Practices Act when he attempted to collect a debt on behalf of Mariner Finance, LLC. (Docket No. 1, PageID # 2–3) Bruce moves to dismiss the case, asserting that the FDCPA's statute of limitations bars Bouye's claim. (D.N. 9) For the reasons explained below, the Court will grant Bruce's motion.

## I.

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a Rule 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)). Plaintiff Zahra Bouye financed the purchase of furniture through a retail installment contract. (D.N. 5, PageID # 35) Defendant James Bruce filed a complaint on behalf of Mariner Finance, LLC in Jefferson District Court on March 4, 2019, in an attempt to collect the balance allegedly due on the RIC. (*Id.*) The state-court complaint stated that "[a]ttorney fees agreed to be paid equal the sum of one-third of the amount sued upon and collected." (*Id.*) The RIC, however, "expressly limited attorney's fees to 15% of the unpaid balance of the contract after default." (*Id.*, PageID # 36) Defense counsel entered an appearance on behalf of Ms. Bouye in state court and filed an amended answer. (*Id.*)

1

The defendant filed a motion for summary judgment in state court on behalf of Mariner Finance, asserting that one-third of the amount collected was an appropriate attorney's fee. (*Id.*) Bouye filed a cross-motion for summary judgment arguing that Mariner had no standing because the purported assignment to Mariner Finance had not been signed by the seller of the furniture. (*Id.*, PageID # 37) The state court denied both motions and ordered Mariner Finance to file proof that it was the proper plaintiff. (*Id.*) Bruce filed a renewed motion for summary judgment and attached an RIC that purported to assign the RIC to Mariner Finance. (*Id.*, PageID # 37–38) On November 12, 2019, the state court granted Mariner Finance's renewed motion for summary judgment. (*Id.*, PageID # 39).

Bouye filed this action in state court alleging that Bruce violated the Fair Debt Collection Practices Act "by misrepresenting the status and amount of the RIC and by attempting to collect attorney's fees in [an] amount not permitted by contract or by law." (*Id.*) Bouye amended her complaint (D.N. 5), and Bruce now moves to dismiss the case, asserting that Bouye's claim is time-barred by the statute of limitations. (D.N. 9, PageID # 115)

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A district court may apply an affirmative defense at the motion-to-dismiss stage if the plaintiff's complaint "contains facts which satisfy the elements of the defendant's affirmative defense." *Est. of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013).

Bruce argues that FDCPA's one-year statute of limitations bars Bouye's claim because this matter was filed on March 19, 2020, more than one year after the filing of the state-court complaint. (D.N. 9, PageID # 115) An action alleging a violation of the FDCPA must be filed within one year of the alleged violation. 15 U.S.C. § 1692k(d). "The general rule is that [the Sixth Circuit] will not extend the statute of limitations 'by even a single day.'" *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Here, Bouye argues, without supporting authority, that although the complaint was filed outside the statute of limitations, Bruce's actions during discovery bring her claim within the statute of limitations. (D.N 10, PageID # 158) The Sixth Circuit, however, has repeatedly refused to adopt the continuing-violation doctrine in the context of the FDCPA. *Jodway v. Orlans, PC*, 759 F. App'x 374, 379–80 (6th Cir. 2018); *see e.g. Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257–58 (6th Cir. 2014). "As a general matter, when a debt collector initiates a deceptive, abusive, or otherwise unfair lawsuit, there is no doubt that the FDCPA claim—insofar as it is viable—accrues on that date." *Slorp*, 587 F. App'x at 258. Prosecution of the suit may

impact possible damages, but "the continued accrual of damages does not diminish the fact that the initiation of the suit was a discrete, immediately actionable event." *Id.*

Bouye points to no actions by Bruce that would not have been actionable at the time he filed the complaint on March 4, 2019. Both Bruce's alleged misrepresentation about the status of the RIC and the alleged improper request for attorney's fees were present in the state-court complaint. (D.N. 1-2, PageID #8) While Bruce's later actions could contribute to possible damages, the filing of the state-court complaint "was a discrete, immediately actionable event," and Bouye's claims were therefore actionable on the date the complaint was filed. *Slorp*, 587 F. App'x at 258. Because this action was filed more than one year after the filing of the state-court complaint, Bouye's claims under the FDCPA are time-barred by statute of limitations. 15 U.S.C. § 1692k(d).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Bruce's motion to dismiss (D.N. 9) is **GRANTED**.

(2) All claims having been resolved, this matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

March 11, 2021

David J. Hale, Judge
United States District Court