UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZAHRA A. BOUYE,  Plaintiff,

v.  Civil Action No. 3:20-cv-201-DJH-RSE

JAMES E. BRUCE,  Defendant.

\* \* \* \* \*

## ORDER

Plaintiff Zahra Bouye brought this action against Defendant James Bruce, alleging that Bruce violated the Fair Debt Collection Practices Act when he attempted to collect a debt on behalf of Mariner Finance, LLC. (Docket No. 1, PageID # 2–3) The Court dismissed Bouye's claims as time-barred under the FDCPA. (D.N. 12, PageID # 200) Bouye now moves for reconsideration of the Court's Order (D.N. 13), while Bruce moves for attorney fees. (D.N. 15) In response, Bouye moves for a hearing and to strike two exhibits Bruce attached to his motion. (D.N. 17) For the reasons set forth below, the Court will deny Bouye's and Bruce's motions.

**I.**

Bouye financed the purchase of furniture from Winner Furniture through a retail installment contract (RIC). (D.N. 5, PageID # 35) Bruce filed a complaint on behalf of Mariner Finance, LLC in Jefferson Circuit Court on March 4, 2019, to collect the balance due on the RIC from Bouye's alleged default. (*Id.*) Ultimately, Bruce filed a motion for summary judgment in state court, asserting that one-third of the amount collected was the proper attorney fee. (*Id.*, PageID # 36) Bouye filed a cross-motion for summary judgment, arguing that Mariner had no standing because the assignment of the RIC was not signed by a Winner representative. (*Id.*, PageID # 36–37) The state court denied both motions and ordered Mariner to file proof that it was

1

the proper plaintiff. (*Id.*, PageID # 37)  Bruce, on behalf of Mariner, filed a renewed motion for summary judgment and attached a second RIC that appeared to assign the RIC to Mariner through the undated signature of a purported Winner store manager. (*Id.*, PageID #37–38)  The state court granted Bruce's renewed motion for summary judgment but was reversed on appeal. (*Id.*; *see* D.N. 17-2, PageID # 266)

Bouye filed a complaint in this Court on March 19, 2020, claiming that Bruce violated the Fair Debt Collection Practices Act "by misrepresenting the status and amount of the RIC and by attempting to collect attorney[] fees in [an] amount not permitted by law." (D.N. 5, PageID # 39; *see* D.N. 1)  Bruce moved to dismiss the case, asserting that Bouye's claim was time-barred by the FDCPA's one-year statute of limitations. (D.N. 9, PageID # 115)  The Court granted Bruce's motion. (D.N. 12)  Bouye now asks the Court to reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court "clearly err[ed]" in dismissing her complaint. (D.N. 13, PageID # 204)  Bruce moves for attorney fees under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927, maintaining that Bouye pursued her claim in bad faith and that Bouye's counsel, James Lawson and James McKenzie, engaged in "abusive" litigation tactics.[1] (D.N. 15, PageID # 230)

## II.

### A.   Reconsideration of the Court's Order

While the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). A Rule 59(e) motion "should not be used either to reargue a case on the merits or to reargue issues

---

[1] Bouye also moves for a hearing on Bruce's motion for attorney fees and to strike two exhibits attached to that motion. (D.N. 17, PageID # 248)  Because the Court will deny Bruce's motion, it will deny Bouye's motion to strike and for a hearing as moot.

already presented." *Stinson v. State Farm Mut. Auto. Ins. Co.*, No. 3:18-CV-759, 2019 WL 6107853, at *2 (W.D. Ky. Nov. 15, 2019) (citing *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008)). Rather, Rule 59(e) allows "a court [to] alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "Such motions are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 699 (N.D. Ohio 1995)).

Bouye argues that the Court clearly erred in dismissing her complaint as time-barred. (D.N. 13, PageID # 204) Specifically, she claims that the Court erred in finding that Bruce's actions during discovery did not qualify as discrete violations of the FDCPA. (*Id.*, PageID # 204–05) Bouye attempts to distinguish Sixth Circuit precedent that rejected the continuing-violation doctrine in FDCPA cases and repeats her initial argument that Bruce misrepresented the second RIC, which he filed with his renewed summary-judgment motion in state court. (*See id.*; D.N. 10, PageID # 159–60; D.N. 16, PageID # 244–45)

Bouye cites one Sixth Circuit case that she claims warrants reconsideration of the Court's Order. (D.N. 16, PageID # 243 (citing *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014))) Yet *Currier* differs significantly from this case. *See* 762 F.3d at 533–35. *Currier* involved a debt collector who filed an invalid judgment lien against a debtor's home while a meritorious state action was pending, then failed to release the lien when the judgment was vacated. *Id.* As the Sixth Circuit recognized in *Currier*, "[c]ourt filings can be a threat under the

3

FDCPA," and thus can constitute discrete actions in appropriate circumstances. *Id.* at 353 (citing *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28–30 (6th Cir. 2007)).

Bouye attempts to characterize Bruce's actions in state-court discovery as "threats," akin to the improper lien in *Currier*, but that comparison is inapposite. (D.N. 16, PageID # 239–40 (citing *Currier*, 762 F.3d at 535–36)) The Court previously considered and rejected the argument that Bruce's alleged misrepresentation of the RIC assignment or his other actions during state-court discovery qualified as discrete violations of the FDCPA, and Bouye makes no arguments that change this conclusion. (D.N. 12, PageID # 203) As the Court previously held, Bouye's claim is time-barred because Bruce's initiation of an unfair lawsuit was an "immediately actionable event." (*Id.* (quoting *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 258 (6th Cir. 2014)))

A Rule 59(e) motion is not the proper recourse for repeating arguments that the Court previously rejected. *Johnson v. United States*, No. 3:15-CV-715-DJH-CHL, 2019 WL 236720, at *2 (W.D. Ky. Jan. 16, 2019) (citing *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)). Bouye's FDCPA claim was actionable when Bruce filed the state court complaint, and thus, it is time-barred. (D.N. 12, PageID # 203 (citing 15 U.S.C. § 1692k(d)))

**B.      Motion for Attorney Fees**

Bruce argues that Bouye brought a time-barred claim in bad faith and for the purpose of harassment and that her counsel, Lawson and McKenzie, pursued the claim knowing that it was frivolous. (D.N. 15, PageID # 220–21) In support of his motion, Bruce submits two exhibits, which show that Lawson and McKenzie, on behalf of Bouye, offered to settle with Bruce on March 10, 2020, two days before the FDCPA statute of limitations would expire on her claim. (*Id.*, PageID # 217; D.N. 15-2, PageID # 237) Bruce rejected the offer, and Bouye filed her complaint on

4

March 19, 2020. (D.N. 1; *see* D.N. 15, PageID # 217) Bruce's counsel Brooks Herrick then emailed Lawson and McKenzie, asking them to voluntarily dismiss Bouye's complaint and outlining what he characterized as "binding legal precedent" that established that Bouye's claim was time-barred. (D.N. 15-1, PageID # 233–34 (citing *Jodway v. Orlans, PC*, 759 F. App'x 374, 379–80 (6th Cir. 2018)); *see* D.N. 15, PageID # 218–19)

After receiving the email, Lawson and McKenzie, on behalf of Bouye, amended the complaint, adding allegations that Bruce's actions during state-court discovery, including his filing of the second RCI and refusal to respond to discovery requests, were discrete violations of the FDCPA. (*See* D.N. 5, PageID # 36–39) Bruce argues that Bouye pursued her claim "for the purposes of bad faith and harassment" and that Lawson and McKenzie, as experienced FDCPA litigators, knew or should have known after reading Herrick's email that Bouye's claim was time-barred. (D.N. 15, PageID # 220) Bruce therefore seeks attorney fees under 15 U.S.C. § 1692k(a)(3) against Bouye and under 28 U.S.C. § 1927 against Lawson and McKenzie. (*Id.*) Lawson and McKenzie respond that they put forth a colorable argument under Sixth Circuit precedent that Bruce's actions during state-court discovery were discrete FDCPA violations and that Bruce thus is not entitled to attorney fees. (D.N. 17, PageID # 248–49; *see* D.N. 10, PageID # 161–63)

      i.      **Attorney Fees under 15 U.S.C. § 1692k(a)(3)**

Bruce moves for attorney fees under the FDCPA, 15 U.S.C. § 1692k(a)(3). (D.N. 15, PageID # 221) The FDCPA permits an award of reasonable attorney fees to a defendant if the Court finds that the plaintiff brought an FDCPA action in "bad faith and for the purpose of harassment." § 1692k(a)(3). Courts have denied motions to award sanctions under § 1692k(a)(3) when a plaintiff's FDCPA claim was "minimally colorable" and the defendant supplied no

5

"additional facts supporting bad faith or harassment." *Brown v. Van Ru Credit Corp.*, No. 14-12136, 2015 WL 225727, at *5 (E.D. Mich. Jan. 16, 2015), *aff'd*, 804 F.3d 740 (6th Cir. 2015) (quoting *Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 775 (7th Cir. 2003); *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir. 2007)) (internal quotation marks omitted). However, attorney fees have been awarded under § 1692k(a)(3) when the plaintiff's claims lacked evidentiary support and "simple legal research should have warned [the] plaintiff" that her claims were "non-viable." *Adams v. Bureau of Collection Recovery, LLC*, No. 10-cv-12818, 2011 WL 3204759, at *2 (E.D. Mich. July 28, 2011). The decision to award attorney fees under the FDCPA is within a court's discretion. *Lovette v. Velocity Invs.*, LLC, No. 1:16-CV-183, 2017 WL 4900359, at *3 (W.D. Mich. Aug. 24, 2017) (citing *Malone v. Portfolio Recovery Assocs., LLC*, 308 F.R.D. 518, 522 (W.D. Ky. 2015)).

Bruce is not entitled to attorney fees under the FDCPA because he fails to show that Bouye maintained her claim in bad faith and for the purpose of harassment. *See* § 1692k(a)(3). Bruce relies on Herrick's email to Lawson and McKenzie, which cited one relevant Sixth Circuit case, to argue that Bouye knew her claim was time-barred. (D.N. 15-1, PageID # 233–34 (citing *Jodway*, 759 F. App'x at 379–80); *see* D.N. 15, PageID # 218)  While the Sixth Circuit has indisputably rejected the application of the continuing-violation doctrine to FDCPA claims, *Slorp*, 587 F. App'x at 258, Bouye's argument that Bruce's actions during state-court discovery constituted discrete violations was "minimally colorable," though ultimately meritless. *See Brown*, 2015 WL 225727, at *5 (denying attorney fees when plaintiff attempted to distinguish his claim from nonbinding cases). Bruce's reliance on Bouye's pre-complaint settlement offer to show her bad faith is similarly unpersuasive. (D.N. 15, PageID # 222; D.N. 15-2, PageID # 237) Bruce does not cite, nor is the Court aware of, any Sixth Circuit case that found a settlement offer

sufficient to show a plaintiff's bad faith and intent to harass under § 1692k(a)(3). (*See* D.N. 15; D.N. 18)

Without additional evidence that Bouye brought the action in bad faith and for the purpose of harassment, the Court cannot award Bruce attorney fees from Bouye. *See* § 1692k(a)(3); *see also Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 924–25 (11th Cir. 2016) (reversing grant of attorney fees because, although "the clear text of the statute . . . did not permit [the plaintiff's] claim under the facts at issue," the defendant failed to show that the plaintiff knew "of the legal strategy being pursued and its faults, rather than just the facts of her case"); *Necak v. Select Portfolio Servicing, Inc.*, No. 2:19-CV-3997, 2020 WL 4284923, at *4 (S.D. Ohio July 27, 2020) (refusing to award attorney fees because although plaintiff's arguments were "unpersuasive," defendant provided no "additional facts supporting bad faith or harassment"); *Lewis v. Portfolio Recovery Assocs., LLC*, No. 1:13-CV-00043, 2015 WL 5672650, at *9 (M.D. Tenn. Sept. 25, 2015) (refusing to award attorney fees when defendants failed to offer evidence supporting bad faith and harassment); *cf. Kraemer v. Fox Hills Owners Ass'n*, 697 F. App'x 935, 937–38 (10th Cir. 2017) (finding that district court did not abuse its discretion in awarding attorney fees when plaintiff pursued an action that had been rejected several times in state courts, filed several baseless motions, and "defamed" defendants and defendants' counsel online).

### ii. Attorney Fees under 28 U.S.C. § 1927

Bruce also seeks attorney fees from Lawson and McKenzie under 28 U.S.C. § 1927, which requires a finding that counsel "multiplie[d] the proceedings in any case unreasonably and vexatiously." *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (quoting *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012)). Section 1927 fees may be imposed if counsel knew or reasonably should have known that pursuing the claim was frivolous. *Williams*

*v. Shelby Cty. Sch. Sys.*, 815 F. App'x 842, 845 (6th Cir. 2020) (quoting *Hogan*, 823 F.3d at 886). "This is an objective standard, requiring a 'showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31 (6th Cir. 2012) (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)).

Courts may award § 1927 fees when counsel "falls short of the obligations owed by a member of the bar to the court." *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)) (internal quotation marks omitted). The decision to award these sanctions is within a court's discretion. *Lovette*, 2017 WL 4900359, at *4 (citing *Rentz*, 556 F.3d at 395). If liable, counsel is responsible only "for *excessive* costs resulting from the violative conduct." *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *10 (6th Cir. Aug. 24, 2021) (quoting *Garner v. Cuyahoga Cty. Juv. Ct.*, 554 F.3d 624, 645 (6th Cir. 2009)) (internal quotation marks omitted).

The Court declines to impose sanctions on Lawson and McKenzie because their argument that Bruce's actions during state-court discovery constituted discrete violations, although weak, was not frivolous. *See Jones v. Good Shepherd Healthcare Sols., Inc.*, No. 3:17-CV-411-DJH, 2019 WL 321420, at *3 (W.D. Ky. Jan. 24, 2019) ("[A]n award of attorney fees under § 1927 is 'an extreme sanction and must be limited to truly egregious cases of misconduct.'" (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986))). The Sixth Circuit has affirmed awards of sanctions under § 1927 when counsel pursued "clearly time-barred claims," *Williams*, 2020 WL 1190433, at *2–3 (6th Cir. Mar. 12, 2020), but Lawson and McKenzie, on behalf of Bouye, argued that her claim was not clearly time-barred. (*See* D.N. 10, PageID # 158–62; D.N. 16, PageID #

8

243–45) While Lawson and McKenzie "would have done well to acknowledge more fully the existing unfavorable case law," *Hogan*, 823 F.3d at 887, "there is a difference between legal arguments which are extremely unlikely to prevail and arguments which are frivolous or groundless." *Dixon v. Clem*, No. CIV.A. 605-466-DCR, 2006 WL 751235, at *2 (E.D. Ky. Mar. 21, 2006), *aff'd*, 492 F.3d 665 (6th Cir. 2007).

The Court will not reiterate the reasons Bouye's claim is time-barred. (*See* D.N. 12) It is sufficient to note that Lawson and McKenzie put forth a minimally colorable argument based on non-binding and distinguishable case law. (D.N. 10, PageID # 158, 161–62 (citing *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017); *Currier*, 762 F.3d at 534; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011); *Patterson v. Howe*, 307 F. Supp. 3d 927, 935 (S.D. Ind. 2018); *Clark v. Main St. Acquisition Corp.*, No. 1:12-CV-408, 2013 WL 2295879, at *6 (S.D. Ohio May 24, 2013))) As the Sixth Circuit has noted, the imposition of sanctions requires "something more than negligence or incompetence" on the part of counsel. *Rentz*, 556 F.3d at 396; *see, e.g.*, *Gjokaj v. HSBC Mortg. Servs., Inc.*, No. 2:14-CV-11119, 2014 WL 2968022, at *10 (E.D. Mich. July 1, 2014), *aff'd*, 602 F. App'x 275 (6th Cir. 2015) (refusing to impose sanctions even though counsel had filed similar claims and should have known such claims were "insufficient to withstand a motion to dismiss" and not "even arguabl[e]").

Bruce describes other cases Lawson and McKenzie have filed against him in state and federal court and submits their pre-complaint settlement offer, which he asserts shows their intent to force a settlement in this case and entitles him to sanctions. (D.N. 15, PageID # 223–30; D.N. 18, PageID # 298–99) "[F]iling a lawsuit solely to force a settlement may qualify as improper conduct subject to sanctions." *Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2016 WL 1242687,

at *5 (S.D. Ohio Mar. 30, 2016) (citing *Homico Const. & Development Co. v. Ti-Bert Systems, Inc.*, 939 F.2d 392, 395 (6th Cir. 1991) (Joiner, J., dissenting); *In re Leeds Bldg. Products, Inc.*, 181 B.R. 1006, 1012 (N.D. Ga. 1995)). However, neither the fact that Lawson and McKenzie have initiated other FDCPA suits nor their pre-complaint settlement offer for a claim they believed was not time-barred establishes their intent to force a settlement. *See Deere v. Javitch, Block & Rathbone LLP*, 413 F. Supp. 2d 886, 889 (S.D. Ohio 2006) (denying motion for sanctions and noting that counsel's "zealous advocacy" and "practice of prosecuting FDCPA cases" did not "suggest any nefarious motive or bad faith on their part").

Bruce has not provided any other evidence to support his argument that Lawson's and McKenzie's intent in this case was to force a settlement or that they unreasonably and vexatiously multiplied the proceedings. (*See* D.N. 15; D.N. 18) He thus has not shown that Lawson and McKenzie should be subject to sanctions under § 1927, and the Court will therefore deny his motion for attorney fees. *See Malibu*, 2016 WL 1242687, at *5 (refusing to impose sanctions despite counsel's "extensive" history of filing similar lawsuits in the court that never "progressed to a Rule 26(f) conference"); *Kleinmark v. St. Catherine's Care Ctr.*, 585 F. Supp. 2d 961, 965 (N.D. Ohio 2008) (refusing to impose sanctions when counsel's arguments were "weak" but not frivolous, and counsel did not "abuse . . . the legal process" (citing *Maloof v. Level Propane Gasses, Inc.*, 316 F. App'x 373, 376–77 (6th Cir. 2008); *Shepherd v. Wellman*, 313 F.3d 963, 965 (6th Cir. 2002))).

Finally, the Court declines Bruce's request for an order directing Lawson and McKenzie "to end [their] abusive litigation tactics and inflammatory personal attacks used in cases throughout this district (and others)." (D.N. 15, PageID # 224) Bruce cites no authority supporting this request, and the Court is aware of none.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Bouye's motion for reconsideration (D.N. 13) is **DENIED**.

(2) Bruce's motion for attorney fees (D.N. 15) is **DENIED**.

(3) Bouye's motion to strike and for a hearing (D.N. 17) is **DENIED** as moot.

(4) This matter remains **CLOSED** and is **STRICKEN** from the Court's active docket

December 13, 2021

David J. Hale, Judge
United States District Court